IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES C. BURNS,                          )
                                         )
       Plaintiff,                        )
                                         )
v.                                       )   Case No. CIV-16-1288-M
                                         )
TURNKEY MEDICAL PROVIDER, et al.,        )
                                         )
                                         )
       Defendants.                       )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by United States District Judge Vicki Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

By Order [Doc. No. 5] dated November 10, 2016, Plaintiff was directed to cure deficiencies related to the submission of documents tendered in this matter. Specifically, Plaintiff did not submit an in forma pauperis application or pay the filing fee to the Court. Plaintiff was ordered to cure the deficiencies by November 25, 2016. The Court ordered the Clerk of Court to provide Plaintiff with any forms necessary for compliance with the Court's Order. And Plaintiff was advised that a failure to cure the deficiencies could result in a dismissal of his action without prejudice to refiling.

The Court entered a second Order [Doc. No. 6] on November 28, 2016. The Court sua sponte extended Plaintiff's time until December 12, 2016, to cure the above deficiencies. Plaintiff was again advised that a failure to cure the deficiencies could result in a dismissal of his action without prejudice to refiling.

In the interim, on November 30, 2016, Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis [Doc. No. 7]. By submitting the Application, Plaintiff partially cured the deficiencies. Plaintiff submitted his Application on the proper form, *see id.*, but Plaintiff did not include the required financial information. He did not submit the certified copy of his institutional account(s) statement or include the signature of an authorized officer of the penal institution. Plaintiff attached a letter to his application and stated that he "had copy made of the required certification" but had "not received one back to date." *See id.* [Doc. No. 7-1].

Consequently, by Order [Doc. No. 8] dated November 30, 2016, Plaintiff was again advised of the deficiencies accompanying his in forma pauperis application and directed to cure the deficiencies on or before December 14, 2016. The Court apprised Plaintiff of the mandatory nature of the requirements accompanying his in forma pauperis application. *See id.* at p. 1 (*citing* 28 U.S.C. § 1915(a)(2) and LCvR 3.3(b)). The Court further advised Plaintiff that he could show a copy of the Order to the appropriate officers at the penal institution to facilitate obtaining the required certification and submitting the necessary documents. *Id.* at p. 2. The Court reminded Plaintiff that, alternatively, he could pay the $400 filing fee, and again expressly advised Plaintiff that a failure to cure the deficiencies could result in the dismissal of Plaintiff's action. *Id.*

To date, Plaintiff has failed to cure the deficiencies accompanying his in forma pauperis application. Nor has Plaintiff paid the $400 filing fee. Additionally, Plaintiff has not requested an extension of time or demonstrated good cause for his failure to comply with the Court's Orders. Therefore, the action is subject to dismissal without prejudice to refiling. *See* 28 U.S.C. § 1914; LCvR 3.2, 3.3 and 3.4; *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who

disregards court orders and fails to proceed as required by court rules."); *Price v. No Defendants Named*, 516 F. App'x 710, 711 (10th Cir. 2013) (affirming dismissal of plaintiff's § 1983 claims where plaintiff failed to cure deficiencies in form complaint and his in forma pauperis request "omitted required supporting documents–a certified copy of [the prisoner's] trust-fund statement . . . and an authorization to calculate and disburse filing-fee payments"). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Accordingly, it is recommended that Plaintiff's action be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 10, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 20th day of December, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

3